The STATE of Texas, Appellant,

v.

Marshall Jeffen BRAGG, Appellee.

No. 01–95–00449–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 29, 1996.

Rehearing Overruled April 4, 1996.

Tom Bartley, James Mark Cooper, Brenham, for Appellant.

Travis L. McDonald, Jr., Sherry L. Robinson, Hempstead, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

TAFT, Justice.

In this case, the State appeals the trial court's order dismissing an indictment with prejudice. The issue is whether a trial court has authority to dismiss an indictment with prejudice based on the State's failure: (1) to amend the indictment; (2) to comply with discovery orders; and (3) to obtain additional evidence for another indictment after the case had been dismissed. We reverse.

## Facts

Appellee, Marshall Jeffenn Bragg, was indicted on September 3, 1991, by a Waller County grand jury. On March 18, 1992, the State moved to dismiss the indictment without prejudice on the grounds of insufficient evidence. The trial court granted the State's motion.

On September 9, 1994, the State reindicted appellee for the same criminal activity. In November 1994, the trial court granted two pretrial discovery orders stating, in part, that the State furnish appellee with all known convictions of a certain individual. Appellee also filed a motion to quash the indictment. The motion asserted that the Ninth District Court was without jurisdiction to hear the case because the indictment was issued by the 155th District Court, and also because the indictment lacked specificity in describing the stolen property. As a result, the trial court ordered the State to amend the indictment prior to 30 days before trial.

Eight days prior to trial, appellee filed a motion to dismiss the case with prejudice. The grounds for the motion were that the State: (1) had not amended the indictment; (2) had not fully complied with the discovery order; and (3) had not obtained other or additional evidence since the case was last dismissed on March 18, 1992. On the day of trial, March 22, 1995, the trial court heard the motion and ordered the case dismissed with prejudice without the State's consent.

## Dismissal With Prejudice

In its sole point of error, the State contends that the trial court erred in granting appellee's motion to dismiss *with prejudice.*

■ Even if the State failed to comply with the discovery order, the Code of Criminal Procedure does not authorize a trial court to dismiss the case with prejudice. *See* TEX. CODE CRIM.P.ANN. art. 39.14 (Vernon 1979). The most serious sanction indicated by case law is suppression of the evidence in question. *See Hollowell v. State,* 571 S.W.2d 179, 180 (Tex.Crim.App.1978); *State v. Williams,* 846 S.W.2d 408, 411 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

■ Furthermore, a trial court lacks the express or implied authority to dismiss an indictment with prejudice for failure to amend. The Code of Criminal Procedure only authorizes a trial court to quash an indictment for exceptions thereto, but disallows the defendant's discharge, unless the offense will be barred by limitation before another indictment can be presented:

**Art. 28.05. Quashing Indictment in Felony**

If the motion to set aside or the exception to the indictment in cases of felony be sustained, the defendant shall not therefor be discharged, but may immediately be recommitted by order of the court, upon motion of the State's attorney or without motion; and proceedings may afterward be had against him as if no prosecution had ever been commenced.

### Art. 28.06. Shall be Fully Discharged, When

Where, after the motion or exception is sustained, it is made known to the court by sufficient testimony that the offense of which the defendant is accused will be barred by limitation before another indictment can be presented, he shall be fully discharged.

TEX.CODE CRIM.P.ANN. arts. 28.05, 28.06 (Vernon 1989).

■ Finally, appellee argues that the State, seeking consent from the trial court to dismiss the original indictment on March 18, 1992, entered into an agreement with the trial court not to seek a new indictment unless other or additional evidence was obtained. Appellee analogizes to a grant of immunity as provided in the Code of Criminal Procedure, article 32.02.

In its motion to dismiss, the State asserted that "it did not preclude the possibility of prosecution against the named defendant in the event other or additional evidence is obtained." Appellee's claim notwithstanding, we do not interpret the State's language as creating an agreement with the trial court preventing the State from seeking a future indictment. Such a clause was not a promise from the State to forego a future indictment unless it obtained other or additional evidence. It merely gave notice that the State maintained the option of reindicting appellee.

■ Appellee claims that the totality of the circumstances, including all three grounds in his motion to dismiss, constitutes an adequate basis for the trial court to dismiss the indictment with prejudice. However, where appellee's substantial rights have not been prejudiced by any of the three actions or omissions alleged, there is no prejudice to cumulate as a basis for dismissal with prejudice. Therefore, the trial court erred in dismissing the indictment with prejudice.

Accordingly, we reverse the order of the trial court dismissing appellee's indictment with prejudice and remand the cause.