**The STATE of Texas, Appellant,**

v.

**Eric Jan GOBEL, Appellee.**

No. 12–98–00323–CR.

Court of Appeals of Texas, Tyler.

Feb. 24, 1999.

Nicole D. Lostracco, Nacogdoches, for appellant.

Mike DeGeurin, Houston, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

### PER CURIAM.

This appeal is being dismissed for want of jurisdiction because the State failed to timely perfect its appeal under TEX.CODE CRIM. PROC. art. 44.01(d) (Vernon Supp.1999). On November 5, 1998, the trial court signed an order dismissing the indictment against Appellant "with prejudice" on grounds that the indictment was presented to the grand jury after the period of limitations had expired. TEX.CODE CRIM. PROC. art. 28.06 (Vernon 1989).[1] Thereafter, the State had until November 20, 1998, to perfect its appeal from that order. TEX.CODE CRIM. PROC. art. 44.01(d) (Vernon Supp.1999). However, instead of perfecting an appeal from the order, on November 24, 1998, the State filed a Motion for Nunc Pro Tunc Order seeking to have the words "with prejudice" deleted. Thereafter, on December 2, 1998, the trial court signed a Nunc Pro Tunc Order substituting the phrase "fully discharged" for "with prejudice." Then, on December 7,

1998, the State filed a motion to reconsider the Nunc Pro Tunc Order. The trial court responded to the motion by letter and informed the State that its Nunc Pro Tunc Order "removing the 'with prejudice' language and tracking the statutory language ... made no substantive change in the original order of November 5, 1998." The trial court explained that because the change to the November 5th order was merely clerical, its plenary power had expired thirty days after entry of the November 5th order.

On December 14, 1998, the State filed a notice of appeal from the "order dismissing the indictment." Thereafter, on January 4, 1999, because the State's notice of appeal was not filed within fifteen days after entry of the November 5, 1998 order of dismissal as required by TEX.CODE CRIM. PROC. art. 44.01(d), this Court notified the State that its notice of appeal appeared to be untimely. It further notified the State that in the event it was relying upon the Nunc Pro Tunc Order of December 2, 1998 as the appealable order, it had to present legal authority in support of its position within ten days; otherwise, the appeal would be dismissed. The State responded merely stating that because its notice of appeal was filed within fifteen days after the Nunc Pro Tunc Order was signed, this Court had jurisdiction to entertain the appeal.

We disagree. While a nunc pro tunc judgment may be used to reflect the judge's intent in entering the original judgment or correct clerical errors, it may not be used to correct judicial errors. *See Jones v. State*, 795 S.W.2d 199, 201–202 (Tex.Cr.App. 1990); *Haley v. Lewis*, 604 S.W.2d 194, 197 (Tex.Cr.App.1980). Here, in keeping with that concept, the trial court correctly pointed out that the substitution of "fully discharged" for "with prejudice" did not change or substantively affect the court's November 5th dismissal order. *See* TEX.CODE CRIM. PROC. art. 28.06 *State v. Bragg*, 920 S.W.2d 407, 408 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (trial court lacked authority to dismiss indictment with prejudice except where of-

---

1. Article 28.06 provides: "Where, after the motion or exception is sustained, it is made known to the court by sufficient testimony that the of-

fense of which the defendant is accused will be barred by limitation before another indictment can be presented, he shall be fully discharged."

fense would be barred by limitation before another indictment could be presented).

Article 44.01(d) provides that "the prosecuting attorney may not make an appeal under Subsection (a) later than the 15th day after the date on which the order ruling or sentence to be appealed is entered by the court."[2] Instead of merely prescribing a procedural deadline for filing a notice of appeal, Tex.Code Crim. Proc. art. 44.01(d) limits the State's substantive authority to appeal; this limitation has been strictly construed so as to preclude extending perfection deadlines even where based upon the filing of a timely motion for extension of time. *State v. McKinney*, 803 S.W.2d 374 (Tex.App.—Houston [14th Dist.] 1990, no pet); *State v. Demaret*, 764 S.W.2d 857 (Tex.App.—Austin 1989, no pet).

In the instant case, the order dismissing the indictment was entered on November 5, 1998. Although on December 2, 1998, the trial court signed a Nunc Pro Tunc Order, that order made no substantive change in the original Order of Dismissal of November 5, 1998, and thus created no new, separate right to appeal under article 44.01(a). Consequently, because the November 5, 1998 order of dismissal was not substantively changed by the Nunc Pro Tunc Order, we hold that the State was required to perfect an appeal on or before November 20, 1998. Accordingly, the appeal is dismissed for want of jurisdiction.

---

**2.** Tex.Code Crim. Proc. art. 44.01(a) provides in relevant part:
    The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or an indictment, information, or complaint;