Opinion issued April 18, 2002



 



 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00733-CR






FRANK EDWARD FANNIEL, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 674,000






O P I N I O N


 Frank Edward Fanniel, Jr., appellant, was charged with the offense of
possession of a controlled substance, namely cocaine, in an amount less than 28
grams, enhanced with the use or exhibition of a deadly weapon, namely, a firearm. 
Appellant pleaded guilty to the underlying offense and pleaded true to the deadly
weapon paragraph in the indictment. The trial judge deferred entering an
adjudication of guilt and placed him on community supervision for a period of seven
years. Within the seven year period, the State filed its motion to adjudicate guilt,
alleging appellant committed aggravated robbery and violated the terms of his
community supervision by using cocaine and failing to pay certain supervisory fees. 
The trial court entered a judgment of guilty, sentenced him to 20 years confinement,
and fined him $750. The trial court ordered that the sentence for cocaine possession
was to begin after appellant completed his 22 year sentence for aggravated robbery.

 When the trial court adjudicated guilt on the possession offense, it did not
make an affirmative finding that appellant used or exhibited a deadly weapon. More
than 30 days after the adjudication of guilt, the State filed a motion for judgment nunc
pro tunc to include a finding that appellant used a deadly weapon in conjunction with
his possession offense, and the trial court granted the motion. Appellant argues the
trial court erred by entering a judgment nunc pro tunc because the failure to include
the deadly weapon finding was not a clerical error. We reverse and render. 

Facts At the nunc pro tunc hearing, both the trial judge and the prosecutor testified
they recalled appellant pleading guilty to the possession offense and true to the deadly
weapon enhancement, and the trial judge made the following findings:

The [c]ourt finds based on the evidence that Mr. Fanniel, at the the time
he entered his plea on March 16, 1994, entered a plea of guilty to the
allegations, possession of a controlled substance, cocaine, weighing less
than 28 grams, and entered a plea of true to the allegation on Paragraph
2 which followed that primary allegation, to wit: the defendant used and
exhibited a deadly weapon, namely a firearm during the commission of
or the immediate flight therefrom.

. . .

Let the record further reflect that at the time of the plea the [c]ourt found
evidence to substantiate finding Mr. Fanniel guilty of [possession of a
controlled substance] and further found evidence to substantiate finding
the deadly weapon paragraph to be true; but the [c]ourt made no findings
on March 16, 1994, instead placing the defendant on deferred
adjudication for seven years. The [c]ourt of course, could make no
finding of a deadly weapon paragraph and place the defendant on
deferred adjudication; and it did not make any findings, only that there
was evidence on his plea of true and evidence submitted in the form of
a Waiver of Constitutional Rights, Stipulation of Evidence and Judicial
Confession to make such a finding.


The question, I think, is it an administerial act that no discretion by the
[c]ourt upon an adjudication of the defendant's deferred adjudication and
his plea of guilty and true to make a finding of guilt and a finding of true.

. . .

The [c]ourt, the moment it pronounced sentence [adjudicated guilt], did
not intend to make a deadly weapon finding because the [c]ourt was
unaware that there had been a plea of true and that there was - to a
deadly weapon paragraph and the [c]ourt was unaware that there was a
deadly weapon paragraph on the underlying indictment in this cause to
which he had entered a plea of true. . . . So in terms of my intent, my
intent at that time was nonexistent because the [c]ourt was unaware.


(Emphasis added.)

 In 1994, the trial court entered the Probation Order and Deferment of
Adjudication of Guilt. The order showed that the plea to enhancement for using a
deadly weapon was not applicable, because the trial court was deferring adjudication
and not rendering judgment. The finding on the enhancement was marked "not
applicable," and the affirmative finding on the deadly weapon was marked not true
(the word "No" circled). However, the Judgment Adjudicating Guilt dated April 27,
2000 showed the plea to the enhancement was "not true," and the affirmative finding
of a deadly weapon was "N/A."

Discussion

 In his sole point of error, appellant argues the trial court erred by entering a
judgment nunc pro tunc because its failure to include the deadly weapon finding was
not a clerical error.

 The purpose of a nunc pro tunc order is to correctly reflect, from the records
of the court, a judgment actually made by it, but which for some reason was not
entered of record at the proper time. Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim.
App. 1988). A nunc pro tunc order may correct clerical errors in a judgment, but not
judicial omissions or errors. Id.; Smith v. State, 15 S.W.3d 294, 299 (Tex.
App.--Dallas 2000, no pet.); State v. Gobel, 988 S.W.2d 852, 853 (Tex. App.--Tyler
1999, no pet.); Jiminez v. State, 953 S.W.2d 293, 295 (Tex. App.--Austin 1997, pet.
ref'd). A clerical error is one which does not result from judicial reasoning or
determination. Ex parte Poe, 751 S.W.2d at 876. The determination as to whether
an error is clerical or judicial is a question of law, and a trial court's finding or
conclusion in this regard is not binding on an appellate court. Alvarez v. State, 605
S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); Smith v. State, 801 S.W.2d
629, 633 (Tex. App.--Dallas 1991, no pet.). 

 A judgment may be "entered" nunc pro tunc if it was in fact "rendered," but
not recorded, at an earlier time. See Jones v. State, 795 S.W.2d 199, 200 (Tex. Crim.
App. 1990); Davis v. Davis, 647 S.W.2d 781, 782 (Tex. App.--Austin 1983, no writ). 
An express determination by the trier of fact that a deadly weapon was used or
exhibited during the commission of the offense is necessary for entry of an
affirmative deadly weapon finding. Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim.
App. 1985); see also Graves v. State 803 S.W.2d 342, 343 (Tex. App.--Houston
[14th Dist.] 1990, pet. ref'd) (holding trial court's oral finding of guilt does not
amount to affirmative finding that defendant used deadly weapon). (1)

 The State argues that, under Ex parte Poe, 751 S.W.2d at 876, the trial court's
failure to enter an affirmative finding on the deadly weapon allegation was a clerical
error. In Poe, the jury found "the defendant guilty as charged in the indictment." Ex
parte Poe, 751 S.W.2d at 875. The indictment alleged the defendant "did then and
there intentionally and knowingly cause the death of an individual . . . by shooting
him with a handgun." Id. at 875-76. The Court of Criminal Appeals reasoned that
the judgment nunc pro tunc, which added the deadly weapon finding, was a proper
correction of a clerical error because Section 3f(a)(2) of article 42.12 of the Texas
Code of Criminal Procedure requires a trial judge to incorporate such an affirmative
finding into the judgment if the jury made such a finding. Id. at 875. Poe, however,
is not applicable to appellant's case because it dealt with the probation of that
defendant's sentence, and not deferred adjudication.

 Here, the evidence shows that the trial judge did not make an affirmative
finding of the use of a deadly weapon, at any time until entering the judgment nunc
pro tunc. The trial judge explicitly said she made no findings because, even though
she had all of the needed evidence to make that finding, she decided to defer
adjudication. Furthermore, the order to defer adjudication shows there was no
affirmative finding on the deadly weapon paragraph. The judgment adjudicating guilt
stated that the deadly weapon paragraph was not applicable. Because the record
shows the trial court never made an affirmative finding on the enhancement
paragraph, we consider the trial court's omission to be a judicial error and not a
clerical error. A judgment nunc pro tunc is improper when it has the effect of
making a new order. Ex parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App.
1986); Dickson v. State, 988 S.W.2d 261, 264 (Tex. App.--Texarkana 1998, pet.
ref'd). A nunc pro tunc judgment made to correct a judicial error is void. In re
Fuselier, 56 S.W.3d 265, 268 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 We sustain appellant's sole point of error and hold the trial court's June 30,
2000 judgment nunc pro tunc was void.

Conclusion

 We vacate the judgment nunc pro tunc and render judgment, reinstating the
trial court's judgment of April 27, 2000.

 

 Davie L. Wilson

 Justice

 

Panel consists of Justices Cohen, Nuchia, and Wilson. (2)


Publish. Tex. R. App. P. 47.4.
1. - -- 
 
 
 
 " 
" 
 
2.