NO. 12-05-00125-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

MICHAEL KENNEDY,                                     §     APPEAL FROM THE THIRD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     ANDERSON COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Michael Kennedy appeals the trial court’s nunc pro tunc judgment. Appellant raises five
issues on appeal. We affirm in part and dismiss for want of jurisdiction in part.
 
Background
            Appellant was convicted of burglary and sentenced to imprisonment for twenty years. A
judgment was signed in Appellant’s case on October 10, 1986. On or about February 2, 2004,
Appellant filed a request for judgment nunc pro tunc alleging that the original judgment incorrectly
set forth that Appellant had pleaded “guilty” to the burglary charge and that the date of Appellant’s
arrest was also incorrect. The trial court entered a nunc pro tunc judgment of conviction on March 4,
2005, in which it changed Appellant’s plea to “not guilty” and changed the date of Appellant’s arrest
to properly reflect the time credited to Appellant’s sentence. This appeal followed.
 
Appeal of a Nunc Pro Tunc JudgmentIn Appellant’s issues one, two, three, and five, as well as a portion of issue four, Appellant
argues that the trial court committed errors related to his original conviction for burglary. A nunc pro
tunc judgment is the vehicle by which a clerical error is corrected in the judgment after the expiration
of the trial court’s plenary power. See State v. Gobel, 988 S.W.2d 852, 853 (Tex. App.–Tyler 1999,
no pet.). Once a judgment nunc pro tunc is entered, the trial court’s plenary power may be revived,
but it is revived only with respect to a complaint that would not have been applicable to the original
judgment. See Tex. R. Civ. P. 306a(6); see also Tex. R. Civ. P. 306a(1). Likewise, the time to appeal
a conviction runs anew only with regard to complaints not applicable to the original judgment. See
Tex. R. App. P. 4.3(b); Tex. R. Civ. P. 306a(6); Tex. R. Civ. P. 306a(1); cf. Gobel, 988 S.W.2d at
853. Therefore, we do not have jurisdiction to consider the issues Appellant seeks to raise concerning
the trial court’s original judgment. Id. 
 
Right to Be Present at Hearing
            In a portion of Appellant’s issue four, Appellant argues that the trial court violated his due
process rights by not permitting him to be present at a hearing concerning his request for judgment
nunc pro tunc. Initially, we note that the record does not reveal that any such hearing actually
occurred. Moreover, the trial court granted the two changes to the judgment Appellant requested, and
Appellant has not challenged such changes on appeal. Therefore, a hearing on this matter would be
unnecessary. Cf. Homon v. Hughes, 708 S.W.2d 449, 455 (Tex. Crim. App. 1986). The remaining
portion of Appellant’s issue four is overruled.
 
Disposition
            We are without jurisdiction to consider Appellant’s issues one, two, three, five, and a portion
of Appellant’s issue four. We have overruled the remaining portion of Appellant’s issue four. As
to the portion of Appellant’s issue four that we overruled, we affirm the trial court’s nunc pro tunc
judgment. The remaining portion of Appellant’s issue four as well as Appellant’s issues one, two,
three, and five are dismissed for want of jurisdiction.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered November 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
(DO NOT PUBLISH)