**Opinion issued April 23, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00688-CR

————————————

**IN RE THE STATE OF TEXAS, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## O P I N I O N

Relator, The State of Texas, seeks mandamus relief from the trial court's order that it pay $500 in attorney fees to defense counsel as a sanction following a discovery dispute. Because there is no authority that suggests respondent had the discretion to order the State to pay attorney fees or other monetary sanctions to

counsel for real party in interest, and given that the State has no adequate remedy by appeal, we conditionally grant the petition.[1]

## Background

On September 30, 2018, real party in interest, Nathan Cole Cormier, was pulled over by a La Porte Police Department officer for driving while intoxicated. Cormier was charged with DWI. On October 3, 2018, Cormier's attorney requested discovery, including impeachment evidence and exculpatory information from the arresting officer's personnel file, pursuant to article 39.14(h) of the Texas Code of Criminal Procedure.

On July 12, 2019, ten days before the original trial setting,[2] the State advised Cormier's counsel there was evidence favorable to Cormier that had not been disclosed. On July 21, 2019, the State gave defense counsel a document that advised that the arresting officer, who had since resigned from the La Porte Police Department, had been suspended four times between 2011 and 2016 for unidentified reasons.

On July 30, 2019, respondent conducted a hearing, ostensibly on the City of La Porte's motion for an in-camera review of the officer's personnel file and for a

---

[1] The underlying case is *The State of Texas v. Nathan Cole Cormier*, cause number 2226877, pending in County Criminal Court at Law No. 7 of Harris County, Texas, the Honorable Andrew Wright presiding.

[2] The setting was continued at the last minute due to witness unavailability.

protective order.[3]  During the hearing, respondent stated on the record that he had reviewed the documents and initially ordered the State to produce them.  However, upon learning that the State intended to file a motion for protective order, respondent told the State to "hold off" on releasing the records until the motion for protective order was decided.  Also, on July 30, 2019, Cormier's counsel filed a motion for sanctions based on the State's refusal to produce the officer's non-public personnel file, and the State filed its motion for protection.

Respondent also informed the parties during the hearing that he believed the protections in article 39.14(e) and (f) of the Code of Criminal Procedure[4] negated the State's need for a protective order.  The State disagreed, asserting the protections in article 39.14 were not broad enough to cover all the documents at issue.  Cormier's counsel asserted that the protective order was not necessary and that the State should be sanctioned because "without some incentive for the State to cut this out and just comply with their duties [to disclose under article 39.14], I don't see any end in sight."  During the hearing, Cormier's counsel asked for $2,000 in sanctions to punish the State for its "unconstitutional" request for a

---

[3]  Respondent subsequently said the hearing was not set in connection with any motion.

[4]  Article 39.14(e) says the defendant and his representatives "may not disclose to a third party any documents, evidence, materials, or witness statements received from the state" unless the court orders the disclosure, or the documents have already been publicly disclosed.  Article 39.14(f) discusses the redaction requirements for produced documents before they are shown to the defendant or witnesses.

protective order and to compensate him for the time he had spent in connection with the "needless issue" of the protective order sought by the State.[5]

During a hearing on August 9, 2019, respondent denied the motions for protective order filed by the State and by the City of La Porte. On August 23, 2019, following a hearing on Cormier's motion for sanctions, respondent issued an order striking the arresting officer's testimony and any reference to information he had generated in connection with the arrest, and ordering the State to pay Cormier's counsel $500 because the State had engaged in "bad faith litigation tactics." Soon thereafter, the State dismissed the complaint against Cormier. The State seeks mandamus relief only for the $500 monetary sanction.

### Standard of Review

To be entitled to mandamus relief, the State must show it seeks to compel a ministerial act and that it has no adequate remedy by appeal. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Mandamus relief cannot be granted to "compel the trial court 'to rule a certain way' on an uncertain and unsettled issue the resolution of which

---

[5] Cormier argued in his motion for sanctions that the State's "obstructive behavior is not limited to this case. In every case in which the State is obligated to turn over *Brady* information, it conditions its compliance with the Constitution and Article 39.14(h) on the entry of a protective order. There is no support in the law for such orders, and their conduct creates unnecessary time and expense." *See Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006) (explaining the State must produce evidence favorable to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

involved a fair amount of discretion." *Id.* (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 n.3 (Tex. Crim. App. 2003)). However, "a so-called 'discretionary' act may become 'ministerial' when the facts and circumstances dictate but one rational decision." *In re State*, 162 S.W.3d 672, 675 (Tex. App.— El Paso 2005, orig. proceeding) (citing *Buntion v. Harmon*, 827 S.W.2d 945, 947 n.2 (Tex. Crim. App. 1992)).

### The Sanctions Order

The sanctions order awarding Cormier's counsel attorney fees states in part:

> The Court finds that the State has engaged in bad faith litigation tactics, creating a waste of [resources] for counsel for the Defendant. The Court further finds that this is a regular and pervasive course of conduct, and that sanctions are necessary to deter future bad faith conduct.[6]

The order also excludes "any testimony" from the officer, any reference to the officer, or "information generated" by the officer "in any way." Finally, the order states that the State "is liable to counsel for the Defendant, Jordan Lewis, in the amount of [$]500." The order does not specify how the monetary sanction was

---

[6] In support of his allegation that the State engaged in a "regular and pervasive course of conduct," Cormier attached to his Reply to the State's Response to Defendant's Motion for Sanctions affidavits signed by two other criminal defense attorneys complaining that the State had also sought unnecessary protective orders in other cases in which they had been involved. There is nothing in the Michael Morton Act, or any other authority referenced by Cormier, indicating that a trial court has the authority to award a sanction against the State for conduct that allegedly occurred in another case, in another court, and involving a different defendant.

5

calculated or the basis for it. During the July 30, 2019 hearing, however, Cormier's counsel stated that he was requesting attorney fees to compensate him for the "at least four hours" he had spent in court and out of court dealing with the State's motion for protective order.

In this original proceeding, the State argues there is no authority to order the State to pay a defendant's attorney's fees in response to a purported discovery violation; that the protective order the State sought, and for which the monetary sanction was imposed, was proper; and that allowing a court to impose a monetary sanction would "eviscerate" the State's governmental immunity. Cormier asserts the award of monetary sanctions was a discretionary act that was supported by the State's record of discovery abuse; that respondent had inherent authority to impose the sanctions; and that the State both abrogated and waived its governmental immunity as to any sanctions.[7]

**No Adequate Remedy by Appeal**

Article 44.01 of the Code of Criminal Procedure enumerates the specific rulings in a criminal trial from which the State can appeal. Among them are the granting by the trial court of "a motion to suppress evidence . . . if the prosecuting

---

[7] Cormier asserts the State did not challenge respondent's authority to award monetary sanctions in the lower court. The transcript of the August 23, 2019 hearing and the State's response to Cormier's motion for sanctions, however, reflect the State's argument that article 39.14 does not confer authority to levy sanctions.

6

attorney certifies to the trial court that the . . . evidence . . . is of substantial importance" to the case. TEX. CODE CRIM. PRO. art. 44.01(a)(5). The State is not appealing the suppression of evidence, however, and article 44.01 does not provide the State with an appeal from a trial court's order of sanctions. Therefore, we conclude the State has no adequate remedy by appeal as to the imposition of the monetary sanction and its only remedy is to seek a writ of mandamus.

**The Michael Morton Act**

It is undisputed that article 39.14 of the Texas Code of Criminal Procedure governs the underlying discovery dispute. Article 39.14(h), also known as the Michael Morton Act, "codifies and 'supplements' prosecutors' constitutional obligations" under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Hillman v. Nueces County*, 579 S.W.3d 354, 360 (Tex. 2019). The United States Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963); *see also Hillman*, 579 S.W.3d at 360. Passed by the Texas Legislature in 2013, the Michael Morton Act states in part:

> [T]he state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

7

TEX. CODE CRIM. PRO. art. 39.14(h).[8]  Article 39.14 does not provide for the imposition of monetary sanctions against prosecutors who violate it, nor does it identify the types of sanctions that can be imposed.  "Article 39.14(a) addresses *what* the State must produce and *when* the State must produce it. However, the statute does not address the manner by which the trial court may enforce" it.  *In re State ex rel. Munk*, 494 S.W.3d 370, 376 (Tex. App.—Eastland 2015, orig. proceeding) (emphasis in original).

Cormier cites several civil cases in arguing that respondent was within his authority to impose the monetary sanction.  Those cases, however, rely on Texas Rule of Civil Procedure 215, which expressly allows a trial court to order the payment of "reasonable expenses, including attorney fees" caused by a party's "fail[ure] to comply with proper discovery requests or to obey an order to provide or permit discovery. . . ."   TEX. R. CIV. P. 215.2(b)(8).  Given that Rule 215 does not apply in this criminal case, those cases are inapposite.

Although the previous version of article 39.14 did not impose a continuing duty on prosecutors to disclose exculpatory matters and required defendants to file

---

[8]    The Michael Morton Act, which became effective on January 1, 2014, amended subsection (a) of article 39.14 and added subsections (c) through (n). *Powell v. Hocker*, 516 S.W.3d 488, 490 (Tex. Crim. App. 2017); *Hillman*, 579 S.W.3d at 360.

motions in order to acquire discovery from the State,[9] an examination of the caselaw addressing violations of the earlier version of the statute is instructive. The exclusion of evidence for violations of the Michael Morton Act, for instance, is reviewed under the same standard as the exclusion of evidence under the previous versions of article 39.14. *State v. Heath*, 582 S.W.3d 495, 496 (Tex. App.—Waco 2018), *rev'd on other grounds*, No. PD-0012-19, 2019 WL 6909439 (Tex. Crim. App. Dec. 18, 2019) (not designated for publication).

To the extent the State engaged in discovery abuse, which we do not address, respondent's order imposed a sanction that is generally accepted as the remedy for violations of article 39.14: exclusion of evidence. It is well-settled that when evidence is not produced in contravention of the requirements of article 39.14, "exclusion of evidence . . . is in the nature of a court-fashioned sanction for prosecutorial misconduct . . . ." *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014); *see also State v. Bragg*, 920 S.W.2d 407, 408 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("The most serious sanction indicated by case law [for violation of article 39.14] is suppression of the evidence in question."); *Garcia v. State*, No. 13-15-00527-CR, 2017 WL 3530926, at *3 (Tex. App.—Corpus Christi Aug. 17, 2017, no pet.) (not designated for publication) ("Exclusion of evidence is a court-fashioned sanction for prosecutorial misconduct . . . ."); *Strawn v. State*,

---

[9]   *See Francis v. State*, 428 S.W.3d 850, 856, n.12 (Tex. Crim. App. 2014); *Briscoe v. State*, 542 S.W.3d 100, 109 (Tex. App.—Texarkana 2018, pet. ref'd).

9

No. 2-02-170-CR, 2003 WL 21235537, at *3 (Tex. App.—Fort Worth May 29, 2003, pet. ref'd) (not designated for publication) ("Courts have held that evidence willfully withheld from disclosure under a discovery order should be excluded from evidence. The extreme sanction of exclusion, however, should not be imposed absent willfulness[10] on the part of the party failing to timely disclose the evidence.") (citations omitted) (footnote added); *Gault v. State*, No. 03-11-00737-CR, 2013 WL 692479, at *4 (Tex. App.—Austin Feb. 22, 2013, no pet.) (not designated for publication) ("In order for exclusion to be required pursuant to article 39.14(a), evidence must have been willfully withheld from disclosure . . . . Because exclusion is an extreme solution, it should not be imposed absent willfulness on the part of the prosecution.") (citations omitted); *State v. Wright*, 830 S.W.2d 309, 312 (Tex. App.—Tyler 1992, no pet.) (referring to "severe sanction of excluding the admission of evidence, rather than imposing the less severe sanction of granting Appellee's motion for continuance" for violation of article 39.14); *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978) ("[E]vidence willfully withheld from disclosure under [an article 39.14] discovery order should be excluded" at trial); *Osbourn v. State*, 59 S.W.3d 809, 816 (Tex.

---

[10] The Court of Criminal Appeals has imposed a high threshold for the sanction of excluding evidence. "Extreme negligence or even recklessness on the prosecutor's part in failing to comply with a discovery order will not, standing alone, justify the sanction of excluding relevant evidence." *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014).

App.—Austin 2001) (referring to exclusion of evidence for violation of article 39.14 as an "extreme sanction."), *aff'd on other grounds*, 92 S.W.3d 531 (2002); *Peña v. State*, 864 S.W.2d 147, 149 (Tex. App.—Waco 1993, no pet.) (same).

In each of the preceding cases, the sanction of exclusion of the evidence is described as "extreme," "most serious," or "severe," and as a sanction that should be imposed only when evidence has been "willfully withheld" from disclosure. Further, while the exclusion of evidence has been the remedy for violations of article 39.14, the Texas Supreme Court recently noted that "violations of the Act may constitute grounds for reversing a conviction." *Hillman*, 579 S.W.3d at 360 (citing *Ex parte Temple*, No. WR-78,545-02, 2016 WL 6903758, at *3, n.20 (Tex. Crim. App. Nov. 23, 2016) (not designated for publication)). We have been unable to find a court case or statute where a monetary fine against the State for failure to produce evidence in a criminal case has been included among the sanctions available to discourage such conduct.

In discussing article 39.14, the supreme court noted there are limits as to the sanctions that can be imposed for violations of the Michael Morton Act.

> Of course, the legislature could always do more to ensure that prosecutors disclose exculpatory information. Presumably, at least, prosecutors would be more likely to disclose such information if the Act authorized civil-damages suits—and waived immunity for such suits—against those who violate its requirements or who terminate subordinates who refuse to violate them.

11

*Hillman*, 579 S.W.3d at 360–61. The court concluded that civil suits cannot be brought in connection with the Michael Morton Act. We believe respondent's imposition of monetary sanctions for violations of article 39.14, is, similarly, not authorized by the statute.

Furthermore, we question whether the sanction imposed was intended to punish the State for failing to timely produce exculpatory evidence as required by article 39.14 or, instead, for seeking a protective order before producing the documents at issue. Cormier asserts in response to the State's petition that the $500 sanction imposed is not actually an "attorney fee" award but was, rather, a discovery sanction.[11] During the July 30, 2019 hearing, respondent asked Cormier's counsel "what sanctions [he was] looking for." In response, Cormier's counsel explained his billing rates, that he had "sunk at least four hours into this," and that he had spent more than an hour in court that morning during the hearing. "That's well over $2,000 and some costs that I had to devote to this needless issue. So I'd ask for a sanction of $2,000." There were no findings of fact and the

---

[11]  Cormier asserts in his response, "Although the sanction was *based on* attorney fees, it was limited to the reasonable cost of the resources wasted in responding to the misconduct alone, rather than a true award of attorney fees." (Emphasis in original.) Even if that were true, it would be a distinction without a difference. The transcript of the July 30, 2019 hearing clearly indicates respondent did not contemplate awarding monetary sanctions until Cormier's counsel asked for attorney fees in connection with the motion for protection. Further, Cormier's counsel conceded during oral argument that the monetary sanction appeared to be based on his request for attorney fees.

resulting order required that $500 be remitted to Cormier's counsel. Whether the $500 was an award of attorney fees or a fine, it was imposed because the State requested a protective order, which respondent deemed unwarranted.[12]

Notwithstanding the protections in articles 39.14(e) and 39.14(f), article 39.14 does not preclude the State from seeking a protective order. *See In re Moore*, No. 03-19-00233-CV, 2019 WL 3023973, at *7 (Tex. App.—Austin July 11, 2019, orig. proceeding) ("*After* the trial court has conducted an in camera inspection of the records, then it can enter a protective order for any material that it orders to be produced.") (emphasis in original); TEX. CODE CRIM. PRO. art. 39.14(c). Given that article 39.14 does not prohibit the State from filing a motion for protection, it cannot confer authority on the trial court to impose sanctions simply because the State sought a protective order.[13]

---

[12] The State asserted during the August 9, 2019 hearing that it sought the protective order because of its concern that Article 39.14 did not fully protect the "privacy rights of law enforcement" as required by section 143.089 of the Texas Local Government Code. Respondent told the State during that hearing he would not grant the motion for protective order because the protections in article 39.14 were sufficient: "[T]he [defense] attorneys know their obligations based on 39.14. I know all these men, and they're honorable men that are not going to post or share these documents. . . . they can't just go disseminate them willy-nilly like you're concerned about them doing." In addition, during the August 23, 2019 sanctions hearing, respondent stated, "*Brady* is not conditional based upon any protective order, under any place, anywhere, any time, any day."

[13] A motion for a protective order is an appropriate request relating to production of documents. At the July 30, 2019 hearing, respondent told the State to hold off producing the documents pending his review of its proposed protective order, which he later denied. The State did not refuse to produce the documents, it only sought a protective order in conjunction with their production.

Furthermore, article 39.14 does not expressly authorize the trial court to order the State to pay costs or fees of any type. Article 39.14 does, however, provide that a trial court may order the *defendant* to "pay costs related to discovery under this article . . . ." TEX. CODE CRIM. PRO. art. 39.14(l). The presence of that provision, combined with the absence of any provision authorizing the trial court to order the State to pay costs, reflects the Legislature's intent that no such monetary cost be imposed on the State. *See Green v. State*, 745 S.W.2d 477, 478 (Tex. App.—Corpus Christi 1988, pet. ref'd) (discussing "well-known rule of statutory construction that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others") (citing *Ex Parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979)); *see also R.R. Comm'n v. Miller*, 434 S.W.2d 670, 672 (Tex. 1968) ("Courts must take statutes as they find them . . . . They are not responsible for omissions in legislation.") (quoting *Texas Highway Comm'n v. El Paso Bldg. & Const. Trades Council*, 234 S.W.2d 857, 863 (Tex. 1950)).

Cormier argues respondent had inherent and implied power to levy the monetary sanctions pursuant to section 21.001(a) of the Texas Government Code, which states: "A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." But section 21.001(a) does

14

not convey power to a trial court to issue and enforce unlawful orders, which we find the monetary sanction to be.[14] Further, one of our sister courts, in discussing a criminal trial court's inherent power, concluded that the court's "power to enter discovery orders in criminal cases is limited to the authority granted by Article 39.14." *In re State*, 162 S.W.3d 672, 677 (Tex. App.—El Paso 2005, orig. proceeding) ("Texas courts have recognized inherent powers in the following instances: to change, set aside or otherwise control their judgments; to summon and compel the attendance of witnesses; to regulate the admission and practice of law; and to provide personnel to aid the court in the exercise of its judicial function.") (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 n.1 (Tex. 1979)). The monetary sanction at issue here is not supported by the exercise of one of the generally recognized inherent powers discussed in *Eichelberger*. And, as noted above, article 39.14 does not confer statutory authority to issue monetary sanctions.[15]

## Conclusion

We conditionally grant the State's petition for mandamus relief and direct the trial court to vacate its August 23, 2019 order to the extent it imposes monetary

---

[14] Respondent has not cited, and we cannot find, any cases where a court imposed monetary sanctions in connection with article 39.14 under the authority of section 21.001(a).

[15] In light of our holding, we do not reach the issue of whether the State waived its governmental immunity argument or whether governmental immunity precludes the award of the monetary sanctions.

sanctions on the State.  Our writ of mandamus will issue only if the trial court does not comply within 30 days of the date of this opinion.


                                        Russell Lloyd
                                        Justice


Panel consists of Justices Keyes, Lloyd, and Hightower.

Publish. TEX. R. APP. P. 47.2(b).