The STATE of Texas, Appellant,

v.

Raymond W. BORDEN, Appellee.

No. B14–89–710–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1990.

Dick DeGuerin, Houston, for appellant.
Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and SEARS, JJ.

## OPINION

PAUL PRESSLER, Justice.

In two counts, appellee was charged by indictment with (1) signing a false affidavit, and (2) tampering with a governmental document. Attached to each count was a "bad copy" of the allegedly falsified affidavit. A jury found appellee guilty on both counts, and the court assessed punishment

at five years' probation and a fine of $1,000 on the first count and five years' probation and a fine of $2,500 on the second count. After a motion for new trial and an amended motion for new trial were filed, appellee filed a motion in arrest of judgment, which, for the first time, raised a challenge to the sufficiency of the indictment. The trial court granted the motion in arrest of judgment, and the State appealed, pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2) and (d) (Vernon Supp.1990). We reverse.

Persons obligated to pay taxes on the transfer of a motor vehicle must file a joint affidavit with the tax assessor-collector of the county in which the application for registration and for a Texas certificate of title is made. TEX.TAX CODE ANN. § 152.062 (Vernon Supp.1990). Appellee was charged with signing a false affidavit and tampering with a government document in such a transfer. TEX.TAX CODE ANN. § 152.101 (Vernon 1982) provides:

> (a) A person commits an offense if the person signs a joint affidavit required by Section 152.062 of this code and knows that it is false in any material fact.

TEX.PENAL CODE ANN. § 37.10(a)(2) (Vernon 1989) provides:

> A person commits an offense if he makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record[.]

In its first point of error, the State contends that TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1990) precludes appellee from challenging a defect in the indictment, whether of form *or* substance, after the day that his trial commenced. Appellee counters that TEX.R.APP.P. 33 went into effect after that statute. It allows a motion in arrest of judgment when the verdict is "defective in substance" because of an indictment or information. Rule 33 provides:

> (a) **Definition.** A motion in arrest of judgment is an oral or written suggestion to the trial court by an accused that judgment was not rendered against him in accordance with law for reasons stated in the motion.

> (b) **Grounds.** A motion may state a reason that is a ground provided for an exception to substance of an indictment or information or that in relation to the indictment or information a verdict is defective in substance, or any other reason that renders the judgment invalid.

In its second point of error, the State contends that, because the alleged defects are defects in form and not in substance, a motion in arrest of judgment is improper. Thus, it must first be determined whether the alleged defects were ones of form or of substance.

▆▆▆ Appellee contends that the defect was of substance because the charging instrument failed to allege in what manner the affidavit was false. The Court of Criminal Appeals has deemed such an omission a defect in form not substance. *American Plant Food Corp. v. State*, 508 S.W.2d 598, 603–04 (Tex.Crim.App.1974). Here, both counts of the indictment track the language of the statute and allege the required culpable mental state. Although they do not include the precise false statement or statements the State would rely upon for conviction, both counts are sufficient to charge an offense. *Amaya v. State*, 551 S.W.2d 385, 387 (Tex.Crim.App. 1977). If defective, the omissions are defects of form, and a pre-trial motion to quash would have been the proper means of bringing them to the court's attention. *Id.* Additionally, the appellee contends that the allegedly illegible copies of the affidavit, attached to each count of the indictment, render the indictment inadequate to allege an offense and insufficient for failing to set forth the offense "in plain and intelligible words." *See* TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 21.02(7) (Vernon 1989). This is not correct. Rather than failing to give appellee notice of the offense with which he is charged, the alleged illegibility of the copies of the affidavit simply affect his convenience in making his defense. The State had an open file policy, and trial counsel had the opportunity to examine the original business records which would be introduced during trial. By not objecting before trial,

appellee has waived his opportunity to complain of any inconvenience the "bad copy" of the indictment may have presented. To hold otherwise would give a defendant the opportunity to go to trial without raising an objection, wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. *See American Plant Food Corp. v. State,* 508 S.W.2d at 604; *Van Dusen v. State,* 744 S.W.2d 279, 280 (Tex.App.—Dallas 1987, no pet.).

The indictments are not defective in substance. Therefore, TEX.R.APP.P. 33 does not apply. As possible defects in form, absent a pre-trial objection, they are beyond the scope of a motion in arrest of judgment. Point of error number two is sustained.

We reverse the order of the trial court which granted appellee's motion in arrest of judgment and remand the cause for further proceedings.