**William Alan SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–98–02137–CR.**

Court of Appeals of Texas,
Dallas.

March 28, 2000.

---

Wayne B. Ames, Plano, for Appellant.

Curtis Howard, Asst. Dist. Atty., McKinney, for the State.

Before Justices KINKEADE, JAMES, and FITZGERALD.

## OPINION

KERRY P. FITZGERALD, Justice.

A jury found William Alan Smith guilty of driving while intoxicated (DWI), and the trial court sentenced him to 599 days confinement and a fine of $650. This is appellant's second appeal. We vacate the trial court's judgment nunc pro tunc and remand this case to the trial court for further proceedings.

## BACKGROUND

On October 11, 1995, the jury found appellant guilty of DWI, and the trial

court sentenced appellant. Judgment was entered the same date, which ordered, in part, the confinement to commence "instanter."

On October 18, 1995, appellant filed a motion in arrest of judgment attacking the sufficiency of the evidence and the prosecutor's jury argument. On the same day, appellant filed notice of appeal and a request for an appeal bond. On October 20, 1995, the trial court granted appellant's motion in arrest of judgment and set an appeal bond.

According to various documents before this Court, the parties filed briefs but declined this Court's invitation to address our jurisdiction over the appeal in view of the order granting the motion in arrest of judgment and in view of the lack of any judgment or State's notice of appeal appearing in the appellate record. In a per curiam opinion issued on May 20, 1998, this Court dismissed the appeal for want of jurisdiction.

On December 11, 1998, the trial court, following a hearing, entered a judgment nunc pro tunc. This judgment nunc pro tunc ordered the language of the order granting the motion in arrest of judgment stricken, and, after delineating the court's reasons, temporarily and retroactively stayed the execution of appellant's sentence for thirty days.

This case comes to this Court a second time on appellant's appeal from the judgment nunc pro tunc.

## CONFUSION COMPOUNDED

This case has been navigating the appellate channel for over four years. A detailed history of this case shows how rigid adherence to a routine and how judicial efforts taken in good faith to accommodate counsel can lead to considerable confusion and unforeseen results.

Defense counsel filed both a motion in arrest of judgment and a notice of appeal

on the same date, as was his right. However, once the motion in arrest of judgment was granted, although no useful purpose would be served by pursuing the appeal, the appeal nevertheless continued. If a party had a quarrel with the order granting the motion in arrest of judgment, it could only have been the State. The State, however, did not appeal when it had the opportunity to do so. This Court dismissed the first appeal for lack of jurisdiction.

Thereafter, the trial court attempted to rectify the situation by striking its prior order and by entering a judgment nunc pro tunc. Appellant filed this notice of appeal from the judgment nunc pro tunc which purported to reinstate the verdict and sentence originally imposed.

## POSITIONS OF PARTIES

Appellant's principal argument is that the trial court had no authority to enter its judgment nunc pro tunc because the judgment was intended to correct judicial, not clerical, error, and the trial court's order granting his motion in arrest of judgment entitles him to dismissal of the charges. The State argues the trial court's granting of the motion in arrest of judgment was a clerical error, not a judicial error, because the trial court erroneously believed that signing the order would only stay execution of the punishment, and, therefore, the trial court was entitled to correct this error by entering a judgment nunc pro tunc.

## MOTION IN ARREST OF JUDGMENT AND MOTION FOR NEW TRIAL DISTINGUISHED

■ A motion in arrest of judgment is a defendant's oral or written suggestion to the trial court that the judgment rendered was contrary to law. Tex.R.App. P. 22.1.[1] The motion may be based on the ground that the indictment or information is subject to an exception on substantive

---

1. Because appellant filed his relevant notice of appeal after the new rules of appellate

procedure became effective on September 1, 1997, we will cite to the new appellate rules.

grounds, that in relation to the indictment or information a verdict is substantively defective, or that the judgment is invalid for some other reason. *Id.* A motion in arrest of judgment is essentially a post-trial motion to quash the indictment. *Crittendon v. State*, 923 S.W.2d 632, 634 (Tex. App.-Houston [1 st Dist.] 1995, no pet.); *see also Young v. State*, 91 Tex.Crim. 511, 240 S.W. 930, 932 (1921). Insufficiency of the evidence is not a proper ground for a motion in arrest of judgment. *Crittendon*, 923 S.W.2d at 635. An arrest of judgment cannot be grounded on the proof offered at trial. *State v. Savage*, 905 S.W.2d 268, 269 (Tex.App.-San Antonio 1994), *aff'd*, 933 S.W.2d 497 (Tex.Crim.App.1996).

■ The right to file a motion in arrest of judgment is clearly provided for in the appellate rules, but this motion is infrequently encountered and rarely addressed by litigants or the appellate courts. One reason is that appellate counsel generally utilize the more familiar motion for new trial as the all-purpose vehicle for seeking post-conviction relief before appealing. Another reason is the rules governing the use of the motion in arrest of judgment have very serious restrictions. *See State v. Borden*, 787 S.W.2d 109, 110–11 (Tex. App.-Houston [14 th Dist.] 1990, no pet.). If an appellant does not carefully adhere to the grounds delineated in the rules when filing a motion in arrest of judgment, the State can challenge the motion on appeal and prevail on the basis of procedural default. *Crittendon*, 923 S.W.2d at 634; *Francis v. State*, 801 S.W.2d 548, 551 (Tex. App.-Houston [14 th Dist.] 1990), *pet. ref'd*, 805 S.W.2d 474 (Tex.Crim.App.1991). Thus, the appellate rules must be strictly complied with in every respect. *Port v. State*, 798 S.W.2d 839, 847 (Tex.App.-Austin 1990, pet. ref'd).

■ A new trial in a criminal case means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt. TEX.R.APP. P. 21.1. Rule 21.3 of the rules of appellate procedure provides a list of reasons for which a defendant must be granted a new trial. TEX.R.APP. P. 21.3. The defendant must be granted a new trial when the verdict is contrary to the law and evidence. *Id.* The rule's list of circumstances is not an exclusive one. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex.Crim. App.1993). When an order is the functional equivalent of granting a motion for new trial, we look past the label assigned to the order by the trial court and treat the order as one affecting a motion for new trial. *Savage*, 933 S.W.2d at 499; *State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App.1992).

■ Appellant filed his motion on the grounds the evidence was insufficient to support a guilty verdict and the prosecutor made improper jury argument. Although appellant designated his motion a "motion in arrest of judgment," appellant's motion was a motion for new trial for all purposes; accordingly, we will treat it as such. *See Evans*, 843 S.W.2d at 577.

## JUDGMENT NUNC PRO TUNC

■ The Latin phrase "nunc pro tunc" means "now for then" and describes the inherent power a court possesses to make its records speak the truth. In other words, use of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past. *Silva v. State*, 989 S.W.2d 64, 66 (Tex.App.-San Antonio 1998, pet. ref'd); *State v. Garza*, 824 S.W.2d 324, 325 (Tex.App.-San Antonio 1992, pet. ref'd).

■ The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but which for some reason did not enter of record at the proper time. *Creeks v. State*, 807 S.W.2d 853, 854 (Tex.App.-Dallas 1991, pet. ref'd), *overruled on other grounds by Asberry v. State*, 813 S.W.2d 526, 531 (Tex.App.-Dallas 1991, pet. ref'd) (en banc). Therefore, before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actu-

ally rendered or pronounced at an earlier time. *Jones v. State*, 795 S.W.2d 199, 201 (Tex.Crim.App.1990); *Wilson v. State*, 677 S.W.2d 518, 521 (Tex.Crim.App.1984); *Dickson v. State*, 988 S.W.2d 261, 263 (Tex. App.-Texarkana 1998, pet. ref'd); *Garza*, 824 S.W.2d at 325. A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim.App.1986). The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order but may not be used to modify or add provisions to an order previously entered. *Id.* A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, "but correction can be only as to what was done and not as to what should have been done." *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex.Crim.App.1986); *Chaney v. State*, 494 S.W.2d 813, 814 n. 1 (Tex.Crim.App.1973).

■■■■■ A judgment nunc pro tunc may correct only clerical errors in a judgment, not judicial omissions or errors. *State v. Gobel*, 988 S.W.2d 852, 853 (Tex.App.-Tyler 1999, no pet.); *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex.App.-Austin 1997, pet. ref'd). A clerical error is defined as one that does not result from judicial reasoning or determination. *State v. Bates*, 889 S.W.2d 306, 309 (Tex.Crim.App.1994). Whether the error is judicial or clerical depends on the nature of the error, not on who made the error. *Jiminez*, 953 S.W.2d at 295; *Curry v. State*, 720 S.W.2d 261, 262 (Tex.App.-Austin 1986, pet. ref'd). Thus, the correction of a clerical error only involves a process to insure that the record truthfully reflects what actually occurred. This "correction process" does not allow for or permit readjudication or the reopening of a controversy. *Smith v. State*, 801 S.W.2d 629, 633 (Tex.App.-Dallas 1991, no pet.); *Wood v. Griffin & Brand*, 671 S.W.2d 125, 128-29 (Tex.App.-Corpus

Christi 1984, no writ). The determination of whether an error is clerical or judicial in nature is a question of law. Thus, the trial court's findings and conclusions are "not binding on an appellate court." *Smith*, 801 S.W.2d at 633.

If a trial court mistakenly signed an order on a defense motion for new trial without realizing what document was being signed, courts have found the error to be "clerical." *English v. State*, 592 S.W.2d 949, 954–55 (Tex.Crim.App.1980); *Jiminez*, 953 S.W.2d at 297; *Fortson v. State*, 948 S.W.2d 511, 512–13 (Tex.App.-Amarillo 1997, pet. ref'd); *Smith*, 801 S.W.2d at 632. However, if the trial court signed an order granting a motion for new trial, in a manner described only as "improvidently" done, the error has been held "judicial" in nature. *Moore v. State*, 749 S.W.2d 54, 56 (Tex.Crim.App.1988), *overruled on other grounds by Awadelkariem v. State*, 974 S.W.2d 721 724 (Tex.Crim.App.1998).

## ANALYSIS

■■■■■ The record contains the original judgment,[2] the motion in arrest of judgment and order granting same, and the judgment nunc pro tunc. The relevant portions of the order granting the motion in arrest of judgment and the judgment nunc pro tunc read:

### (ORDER)

The above Motion in Arrest of Judgment was duly and timely filed and presented to the Court and the Court, after duly considering the same, finds that same should be and is hereby in all things Granted and Defendant ordered released; ~~Denied, to which ruling Defendant, William Alan Smith, duly excepts.~~

Signed this 20 day of October 1995

[signature]

Judge Presiding

---

**2.** In oral argument, counsel informed this Court there was a written judgment entered October 11, 1995. The Collin County Clerk's Office has forwarded a copy of this judgment to this Court, and it is now part of the appellate record.

## JUDGMENT NUNC PRO TUNC

On October 20, 1995, the court signed an order in this case containing the following:

*"The above Motion in Arrest of Judgment was duly and timely filed and presented to the court; and the court, after duly considering the same, finds that same should be and is hereby in all things granted; and Defendant ordered released."*

Upon review, the court finds this paragraph was erroneous in that it did not set forth accurately the events that occurred in open court.

Specifically, the court finds that all it intended to do was stay the defendant's entry into confinement so as to allow him the freedom to prepare his notice of appeal. The court finds its [sic] remembers the case clearly and further finds it never considered the evidence insufficient at any time. The court did not know that the legal effect of [granting the motion in arrest of judgment] was to find the evidence insufficient; and, had the court been more cognizant of the applicable Rule of Appellate Procedure, it would never have signed such a document. The court concludes that what it did amounted to a clerical error and not a judicial error in that the court never judicially contemplated the sufficiency of evidence issue.

THEREFORE, IT IS ORDERED that the above language be stricken and rewritten correctly as the court intended to occur in open court such that the order now reads as follows:

### ORDER STAYING EXECUTION
### OF SENTENCE

"Having been sentenced to a term of 599 days confinement on October 11, 1995, the commencement of that confinement is ordered stayed for a period of thirty days. On November 11, 1995, the defendant is ordered to report to the Collin County Criminal Justice Facility (jail) at 9:00 a.m. and there begin serving his sentence.

. . .

Date signed: [Dec. 11, 1998]  [signature]

JERRY LEWIS

The order on appellant's motion in arrest of judgment clearly states that the motion was "presented" to the trial court and that "after duly considering the same" the trial court granted the motion. Without question, the act of signing this order was a judicial act intentionally taken by the trial court.

The record is devoid of any indication that this order was mistakenly or inadvertently signed by the trial court. On the contrary, the trial court signed the order after considering its presumed legal effect, however erroneous in hindsight. That the trial court may have been mistaken as to the legal effect of an order intentionally executed does not render the judicial act "clerical" in nature, any more than it transposes the "error" in question into a clerical error rather than a judicial error. The trial court's forthright statements in the record explaining why it signed the order granting appellant's motion in arrest of judgment are further indication the execution of the original order was judicial in nature, and any correction thereof would lend itself to the impermissible "readjudication or reopening" of a controversy. *See Smith,* 801 S.W.2d at 633.[3]

Because the motion in arrest of judgment was not limited to challenging the sufficiency of the evidence, the relief is not to reverse and order a judgment of acquittal, but rather to reverse and remand for a new trial. We are aware that when a trial judge grants a motion for new trial based *solely* on legal insufficiency of the evidence, the only further action

---

**3.** In its judgment nunc pro tunc, the trial court candidly stated in part that it intended to postpone appellant's confinement to allow him freedom while he prepared his appeal and "did not know the legal effect of [granting the motion] was to find the evidence insufficient," and had it so known, the trial court would not have granted the motion.

The judgment nunc pro tunc, signed more than three years after the date of the original judgment, clearly shows on its face that it contains a new order directing the execution of sentence and that it was not the order entered previously which effectively granted appellant a new trial. We conclude the trial court entered its judgment nunc pro tunc to correct judicial, not clerical, error. The trial court was not authorized to enter the nunc pro tunc judgment. The judgment is therefore void. *Garza,* 824 S.W.2d at 326.

▬ Absent correcting a clerical error, a trial court may not rescind an order granting a new trial more than seventy-five days after judgment is imposed or suspended in open court.[4] Tex.R.App. P. 21.8; *Awadelkariem,* 974 S.W.2d at 727–28; *Evans,* 843 S.W.2d at 578 n. 2. Furthermore, the State did not appeal the trial court's granting of appellant's motion. Tex.Code Crim. Proc. Ann. art. 44.01(a)(2), (d) (Vernon Supp.2000); *see Borden,* 787 S.W.2d at 110. Under these circumstances, the trial court had no authority or discretion to disturb its original order granting appellant's "motion for new trial" three years after its entry.

We hold the trial court's December 11, 1998 judgment nunc pro tunc and order executing sentence are void. We vacate the December 11, 1998 judgment nunc pro tunc and remand this cause for further proceedings consistent with the original order of the trial court granting appellant a new trial.

permitted by the Double Jeopardy Clause is an entry of a judgment of acquittal. *Hudson v. Louisiana,* 450 U.S. 40, 41, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); *Moore,* 749 S.W.2d at 58.

4. We note the trial court could not rescind an order granting a motion in arrest of judgment after seventy-five days. *Evans,* 843 S.W.2d at 578 n. 2.