COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-431-CV

 

 

IN RE                                                                                    RELATOR

 

MARK DEAN HANCOCK                                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                             OPINION

 

                                              ------------

 

                                            Introduction

 








In this original proceeding,
relator Mark Dean Hancock seeks a writ of mandamus directing the trial court to
vacate its October 30, 2006 Order Denying Relief, which purports to clarify
that relator=s period of
community supervision does not end until September 10, 2009.  Relator also seeks a writ of prohibition
prohibiting the trial court from pursuing further proceedings related to the
community supervision that would restrain relator=s liberty.  Because we conclude
that the trial court lacked jurisdiction to enter the Order Denying Relief, we
conditionally grant the writs of mandamus and prohibition.

                         Background Facts and Procedural History

In 1999, relator was
convicted of delivery of a controlled substance pursuant to a plea-bargain and
placed on ten years= community
supervision beginning on September 10, 1999. 
In September 2004, the State filed a motion to revoke, which stated that
relator was on community supervision for five years.  At a hearing on the motion on January 28,
2005, the State and the defense entered into an agreement that relator=s community supervision would be continued, modified, and extended.
The parties agreed on the record as follows:

THE COURT: That rather than try and proceed to
revoke Mr. Hancock=s
community supervision, you and Mr. Hancock and the State have agreed that it
should be modified, extended, and he should be continued on community
supervision?

 

[DEFENSE COUNSEL]:  That is
correct.

 

. . . .

 

THE COURT:
All right.  Then I=m going to sign this order, Mr. Hancock, that modifies your community
supervision; it extends it and it places you back on community
supervision.  








The order that the trial court entered on January
28, 2005 provided that (1) relator=s community supervision was extended for one year, until January 29,
2006, (2) relator was placed on intensive supervision for one year, and (3)
relator was assessed a new fine of $1500. 


On December 12, 2005, the
State filed a motion for order nunc pro tunc, asserting that the date of
extension in the January 2005 order should have been September 10, 2010 rather
than January 29, 2006.  On August 1,
2006, the State filed another motion to revoke relator=s community supervision.  The
trial court held a hearing on the nunc pro tunc motion on August 11, 2006.   At the hearing, the State argued,

There=s just a misstatement on the judgment regarding theCthe date of his community supervision has expired on January 29th,
2006 and, in reality, it ought to be January 29th, 2010.  

Relator appeared at the hearing and pointed out
that he was originally placed on community supervision in September, not
January.  He agreed that the January 2005
order should have had an extension date of September 10, 2010; however, relator
was not represented by counsel at that hearing and had not waived his right to counsel.  Although the trial court stated that it would
be signing a judgment nunc pro tunc reflecting the extension of the community
supervision period until September 2010, that order was never signed. 








On August 31, 2006, relator,
now represented by counsel, moved to reopen the nunc pro tunc hearing.  Relator also moved to quash the State=s motion to revoke community supervision and filed an application for
writ of habeas corpus in which he argued that the trial court lacked
jurisdiction over him because his community supervision had expired on January
29, 2006Cseveral months before the current motion to revoke was filed and a
capias for relator=s arrest was
issued.[1]  

The trial court held another
hearing on October 20, 2006.  At this
hearing, the State acknowledged that the trial court could not extend the
community supervision term to 2010 because that would have exceeded the
ten-year maximum term that can be assessed.[2]








Relator argued that the
evidence showed the trial court had indeed intended to end relator=s community supervision on January 29, 2006, albeit based on the
mistaken belief that relator had initially received only five years= community supervision.  Relator
further argued that the trial court could not have intended to extend relator=s community supervision to 2010, because that would have resulted in
relator being on community supervision for more than  ten years. 
Relator also contended that the trial court no longer had jurisdiction
over him because his community supervision had expired pursuant to the January 2005
order on January 29, 2006. 

The State argued that the
trial court could not have intended by the January 2005 order to shorten
relator=s term of community supervision to less than ten years because the
trial court=s 1999
judgment placed relator on community supervision for ten years, and the January
2005 order specifically states that it is extending the community
supervision term.  The State, therefore,
asked the trial court to Aclarify@ that relator=s community
supervision continued for the remainder of the original ten-year period, until
September 2009.  

After the hearing, the trial
court ruled for the State, stating on the record that Aan order that says it extends [community supervision] is no way an
order letting him off probation early.@  The trial court then entered
its Order Denying Relief, in which it denied relator=s habeas application and his motion to quash the State=s current motion to revoke community supervision.  The court further ruled in the order as
follows:








[T]he
Court finds that the following language in the order of January 28, 2005, to
wit: AThe
period of supervision of the defendant shall be extended for one (1) year and
shall be in effect until January 29, 2006, . . .@
fails to correctly reflect the decision of the court upon the matter then
before the Court.  Such provision is
surplusage and without effect.  Thus, the
order should be understood to provide: Aand the defendant shall
remain under the supervision of the Community Supervision Officer of this
County subject to the terms and conditions as heretofore set out in this cause
[i.e., until September 2009].@

 

. . . .

 

The Court further finds that
the allegations in Defendant=s motions asserting the period of his community supervision expired on
January 29, 2006 are incorrect.  

                                                Issues

In three issues, relator
contends that (1) the trial court erred by issuing the Order Denying Relief
following a hearing on the State=s motion for an order nunc pro tunc, because the error sought to be
corrected was not a clerical error and could not be corrected by a judgment
nunc pro tunc; and (2) the Order Denying Relief is void because the trial court
had no jurisdiction over any proceedings related to relator=s community supervision after the period of community supervision
expired on January 29, 2006. 








                                       Standard
of Review








Ordinarily,
mandamus relief is proper only to correct a clear abuse of discretion when
there is no adequate remedy by appeal.[3]  Mandamus is also proper, however, to set
aside a trial court order that is void.[4]








A writ of prohibition
operates like an injunction issued by a superior court to control, limit, or
prevent action in a court of inferior jurisdiction.[5]  The purpose of the writ is to enable a
superior court to protect and enforce its jurisdiction and judgments.[6]  A writ of prohibition ordinarily issues to
protect the subject matter of an appeal or to prohibit unlawful interference
with the enforcement of a superior court=s judgments or orders.[7]  As with other extraordinary writs, the
relator must also establish that it has no adequate remedy at law.[8]

                                          Nunc Pro Tunc

In his first and second
issues, relator argues that the trial court erred by issuing the Order Denying
Relief following the nunc pro tunc hearing because the error the order
corrected was not a clerical error and could not be corrected by a judgment
nunc pro tunc.








The purpose of a judgment
nunc pro tunc is to correctly reflect from the court=s records the judgment the court actually rendered but for some reason
did not enter at the proper time.[9]  A judgment nunc pro tunc can be entered[10]
at any time, even after the trial court has lost jurisdiction over the case.[11]  Nunc pro tunc can only be used to correct
clerical errors, however, not judicial ones.[12]
Whether an error is judicial or clerical in nature is a question of law.[13]  The failure to record or to accurately record
a judgment that was rendered in fact is a clerical error.[14]  A judicial error is one that is the product
of judicial reasoning.[15]
A nunc pro tunc entry may be made to correct a judgment to properly reflect the
trial court=s actual
ruling, but it may not be used to modify or add provisions to an order
previously entered.[16]








In this case, the record
shows that the trial court intended in the January 2005 order to both modify
the terms and conditions of relator=s community supervision and extend the period of relator=s community supervision by one year. 
This ruling required judicial reasoning. 
Therefore, the error in the January 2005 order resulting from the trial
court=s mistaken belief that relator had been placed on five years= community supervision that began on September 10, 1999, and that
relator=s community supervision expired on September 10, 2004,[17]
is judicial in nature.  The fact that the
trial court would not have entered the January 2005 order if it had known the
true facts does not change the error from a judicial one to a clerical one.[18]  A correction in a judgment nunc pro tunc Acan be only as to what was done and not as to what should have been
done.@[19]  For these reasons, we hold
that the Order Denying Relief is not a judgment nunc pro tunc.[20]

 Accordingly, we sustain relator=s first and second issues.








                   Trial Court=s Jurisdiction After January 29, 2006

In his third
issue, relator argues that the trial court had no jurisdiction over any
proceedings related to relator=s community supervision after the modified period of community
supervision expired on January 29, 2006, because the State had not filed a
motion to revoke relator=s community
supervision and a capias had not been issued by that date.[21]  Therefore, relator contends, the Order
Denying Relief, which was not entered until October 2006, is void.  In response, the State argues that the trial
court had no statutory authority to shorten the term of relator=s community supervision; therefore, if the January 2005 order
shortened relator=s community
supervision, that part of the order is void and can be corrected at any
time.  













In a criminal case, a
judgment or order is void only in certain circumstances, such as when the trial
court lacked subject matter jurisdiction over the defendant or the charged
offense; when a sentence is outside the minimum or maximum range of punishment;[22]
or when the trial court has jurisdiction over the case but performs an action
outside the parameters of any legal or judicial authority and beyond the scope
of the law.[23]  The trial court=s action in entering the January 2005 order does not fall into any of
these categories: the trial court had jurisdiction over relator and the charged
offense; the shortened community supervision termCapproximately 6.5 yearsCwas within the statutory range;[24]
and the trial court performed no action outside its judicial authority or beyond
the scope of the law.[25]  At most, the January 2005 order was an Airregular act,@ i.e., an
act that Avar[ies]
from the normal conduct of an action.@[26]  An irregular act is merely
voidable; it does not render a trial court=s order void.[27]


The October 2006 order is,
however, void.  A trial court has no
jurisdiction to extend a period of community supervision after the period of
supervision has expired, unless a motion to revoke is filed and a capias is
issued before the period of community supervision ends.[28]  Here, there was no motion to revoke pending
on January 29, 2006; the State did not file the current motion until August 1,
2006.  Thus, the trial court had no
jurisdiction to enter the Order Denying Relief, which provides that relator
will remain on community supervision until September 2009.  AJudicial action taken after the court=s jurisdiction over a cause has expired is a nullity.@[29]  








For these reasons, we hold
that the part of the trial court=s January 2005 order that shortened the period of relator=s community supervision until January 29, 2006 was not void and could
not be collaterally attacked after relator=s community supervision expired on January 29, 2006 pursuant to the
January 2005 order.[30]  After January 29, 2006, the trial court could
not change the January 2005 order to extend the term of relator=s community supervision back to its original term because it had no
jurisdiction over the case.  Accordingly,
the Order Denying Relief, dated October 30, 2006, is void.  We sustain relator=s third issue.

                                             Conclusion

Having
sustained relator=s issues, we
lift our stay order of November 29, 2006 and conditionally grant the writs of
mandamus and prohibition.  Our writs will
not issue unless the trial court refuses to vacate its October 30, 2006 Order
Denying Relief or pursues further proceedings related to relator=s community supervision at issue in this case that would restrain
relator=s liberty.








 

 

JOHN CAYCE

CHIEF JUSTICE   

 

PANEL
A:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  February 1, 2007

 











[1]See Tex. Code Crim. Proc. Ann. art. 42.12, '
21(e) (Vernon 2006) (providing that a trial court has jurisdiction to revoke,
continue, or modify community supervision after the period of community
supervision has expired if the State filed a motion to revoke and a capias was
issued for the defendant=s
arrest before the period expired).





[2]See
id. art. 42.12, ''
3(c), 22(c) (providing ten-year maximum term for community supervision). 





[3]In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135‑36 (Tex.
2004) (orig. proceeding).





[4]In re
Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (orig.
proceeding); see also Urbish v. 127th Judicial Dist. Court, 708 S.W.2d
429, 431 (Tex. 1986) (orig. proceeding) (AThe writ of mandamus will not
lie to correct a merely erroneous or voidable order of the trial court, but
will lie to correct one which the trial judge had no power to render.@).





[5]Holloway
v. Fifth Court of Appeals, 767 S.W.2d 680, 682-83 (Tex. 1989)
(orig. proceeding); In re Sheppard, 193 S.W.3d 181, 184 n.2 (Tex. App.CHouston
[1st Dist.] 2006, orig. proceeding).





[6]Tex. Gov=t Code Ann. '
22.221(a) (Vernon 2004); Holloway, 767 S.W.2d at 683; In re Castle
Tex. Prod. Ltd. P=ship, 157
S.W.3d 524, 527 (Tex. App.CTyler 2005, orig.
proceeding).





[7]Holloway, 767
S.W.2d at 683; Sheppard, 193 S.W.3d at 184 n.2.





[8]Holloway, 767
S.W.2d at 684; Castle Tex. Prod. Ltd. P=ship, 157
S.W.3d at 527-28.





[9]Tex. R. App. P. 23.1; Alvarez v. State,
605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980).





[10]A
judgment nunc pro tunc may only be entered; judgment may not be Arendered@ nunc
pro tunc under any circumstances.  Jones
v. State, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).  This is because Arendition@ is
the event of judging and Aentry@
simply records the judgment rendered.  Id.





[11]State
v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).





[12]Id.





[13]Alvarez, 605
S.W.2d at 617.





[14]Jones, 795
S.W.2d at 201 n.4.





[15]Alvarez, 605
S.W.2d at 617.





[16]Ex
parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986); Smith
v. State, 15 S.W.3d 294, 299 (Tex. App.CDallas 2000, no pet.).





[17]The
trial court believed it had jurisdiction to extend the community supervision
period after the September 10, 2004 Aexpiration@ date
because the motion to revoke was filed before that date.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '' 21(e), 22(c).





[18]See
Ex parte Rich, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006)
(holding that the trial court=s assessment of an illegal
sentence based on incorrect information provided to it was not a clerical error
that could be corrected by nunc pro tunc but was the result of judicial
reasoning or determination).





[19]Ex
parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986); accord
Smith v. State, 15 S.W.3d 294, 299 (Tex. App.CDallas
2000, no pet.).





[20]The
State also argues that the January 29, 2006 date is Asurplusage@
because it was not an essential part of the January 2005 order and can
therefore be disregarded at any time. 
The State does not cite any cases holding that a new date given in an
order modifying community supervision regarding when the period of community
supervision will expire is mere surplusage, and our research has revealed
none.  Further, the record shows that the
January 2005 order was entered by agreement of the parties.  Therefore, under the circumstances of this
case, we decline to hold that the January 29, 2006 date is surplusage.  





[21]A trial court has jurisdiction to
revoke community supervision after the term of community supervision has
expired only if, before the expiration of the community supervision period (1)
the State filed a motion to revoke and (2) a capias or arrest warrant was
issued.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(e); Brecheisen v. State,
4 S.W.3d 761, 763 (Tex. Crim. App. 1999).





[22]Rich, 194
S.W.3d at 512; Speth v. State, 6 S.W.3d 530, 531 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1088 (2000).





[23]Ex
parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001); accord
Ex parte McCain, 67 S.W.3d 204, 210 n.16 (Tex. Crim. App. 2002).





[24]See Tex. Code Crim. Proc. Ann. art. 42.12,
3(b) (Vernon 2006) (providing that, in a felony case the minimum period of
community supervision is the same as the minimum term of imprisonment
applicable to the offenseCin
this case, two years because relator was convicted of a second degree felonyCand
the maximum period of community supervision is ten years).  Section 20 of article 42.12 authorizes a
trial court to reduce the period of community supervision A[a]t
any time, after the defendant has satisfactorily completed one‑third of
the original community supervision or two years of community supervision,
whichever is less.@  Id. art. 42.12, '
20.  Here, relator had apparently
satisfactorily completed two years of his community supervision before the
trial court entered the January 2005 order, because the State did not petition
to revoke his community supervision until September 2004, after he had been on
community supervision for five years, and the alleged conduct in the petition
to revoke occurred more than two years after relator was placed on community
supervision.





[25]The
court of criminal appeals has held that the trial court=s
order granting community supervision where a defendant is statutorily
ineligible for community supervision is not a void or illegal sentence.  Ex parte Williams, 65 S.W.3d 656,
657-58 (Tex. Crim. App. 2001); accord Wiley v. State, 112 S.W.3d 173,
175 (Tex. App.CFort
Worth 2003, pet. ref=d).  The court of criminal appeals has also held
that the trial court=s
imposition of an invalid condition of community supervision is not a void act. See
Speth, 6 S.W.3d at  531‑32, 534‑35
(holding that the imposition of an invalid condition of community supervision
is not an illegal sentence, and that a challenge to a community supervision
condition must be raised in the trial court to preserve the matter for
appellate review).





[26]Seidel, 39
S.W.3d at 224 (quoting Black=s Law Dictionary 669 (7th ed. 2000)).





[27]Id. at
224-25.





[28]Tex. Code Crim. Proc. Ann. art.
42.12, ''
21(c), 22(c); Brecheisen, 4 S.W.3d at 763.





[29]State
ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).





[30]Moreover,
a voidable order cannot be collaterally attacked after the trial court loses
jurisdiction over the case.  See,
e.g., Mathes v. Kelton, 569 S.W.2d 876, 877 (Tex. 1978) (holding that the
trial court could not change the terms of its judgment once its plenary power
had expired); see also Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex.
2003) (holding that once a voidable judgment becomes final, it may not be
collaterally attacked); Kendziorski v. Saunders, 191 S.W.3d 395, 409
(Tex. App.CAustin
2006, no pet.) (same).