# NO. 12-10-00446-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD JAMES RANDLE,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard James Randle appeals from his conviction for robbery. In one issue, Appellant argues that the judgment nunc pro tunc in this case is void. We vacate the judgment nunc pro tunc, leaving the trial court's original judgment in effect.

### BACKGROUND

In 1993, Appellant pleaded guilty to the offense of robbery. He also pleaded true to the allegation in the indictment that he had two prior felony convictions. The trial court found Appellant guilty, found the sentencing allegations to be true, and assessed a sentence of imprisonment for thirty-five years.

In 2010, Appellant sought to have the trial court reform his sentence. He represented to the trial court that one of his prior convictions had been reversed on appeal and requested that the sentence be reformed. Without holding a hearing, the trial court issued a nunc pro tunc judgment in December 2010. In that judgment, the trial court found Appellant guilty, found one allegation of a prior conviction to be true and one allegation not to be true, and assessed a sentence of imprisonment for thirty-five years. This appeal followed.

### NUNC PRO TUNC

In his single issue, Appellant argues that the trial court erred by granting the relief he originally sought. Specifically, Appellant argues that the trial court should not have reformed the sentence. Instead, because he argues that the sentence is void, the trial court should have returned the parties to their relative positions before his guilty plea was entered. The State argues that the trial court's order is void because it does not accurately reflect the judgment that was entered by the trial court.

## Applicable Law

A trial court retains the ability to alter judgments nunc pro tunc to correct scrivener's errors or other typographical mistakes that might appear in court documents. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *State v. Gobel*, 988 S.W.2d 852, 853 (Tex. App.–Tyler 1999, no pet.). This may be done so that the written records reflect the judgment that was actually rendered, but the trial court cannot, "through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Collins*, 240 S.W.3d at 928. Further, there must be proof that the new judgment reflects what was actually rendered or pronounced at an earlier time. *Id*. (quoting *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)).

## Analysis

The judgment filed in 1993 reflects that the trial court found both sentencing enhancement allegations to be true. There is no suggestion that the judgment does not accurately reflect the actual findings of the trial court. Therefore, it is not proper for the trial court to make a new finding–that one of the enhancement allegations is not true–and issue a judgment nunc pro tunc to reflect that finding. The ability to issue a judgment nunc pro tunc arises from a trial court's inherent power to make its records speak the truth. *See Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.–Dallas 2000, no pet.). A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Id*. (citing *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)). This "correction process" does not allow for or permit readjudication or the reopening of a controversy. *See Smith v. State*, 801 S.W.2d 629, 633 (Tex. App.–Dallas 1991, no pet.). Absent proof that the original court did not find or did not intend to find one of the enhancement paragraphs to be true, the substitution of a nunc pro tunc order that makes a different finding on that question has the effect of making a new or independent order. This is improper and is beyond the trial court's jurisdiction. *See Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). Accordingly, the trial court's nunc pro tunc order is void. *See id*.; *Smith*, 15

S.W.3d at 300; *State v. Garza*, 824 S.W.2d 324, 326 (Tex. App–San Antonio 1992, pet. ref'd).

Appellant and the State agree that the trial court's nunc pro tunc judgment is improper. However, Appellant argues that the original conviction must be reversed because he was improperly admonished before his guilty plea. Specifically, he argues that he was admonished as if he had two prior felony convictions and, he asserts, he had only one prior felony conviction.[1] Appellant did not seek this relief in the trial court, but he is essentially arguing that the trial court should have granted a motion for new trial. This is an argument that could have been raised on direct appeal from Appellant's original conviction. *See*, *e.g.*, *Wilson v. State*, 677 S.W.2d 518, 525 (Tex. Crim. App. 1984) (sentence reversed on direct appeal because void conviction used for enhancement). Because Appellant's motion was filed more than thirty days after entry of judgment, the trial court lacked jurisdiction to order a new trial, and it would have been error for it to do so. *See* TEX. R. APP. P. 21.4(a); *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989) (en banc) (trial court lacked jurisdiction to decide an untimely motion for new trial filed over one year after sentence was imposed).

## CONCLUSION

The judgment nunc pro tunc entered in this case is a void order. The trial court did not err in not granting a new trial in this case. We *sustain* Appellant's sole issue to the extent that we hold that the nunc pro tunc judgment issued December 13, 2010 is void. We vacate the judgment nunc pro tunc, leaving the original judgment in effect.

           __SAM GRIFFITH__
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] The appellate record does not reflect that Appellant's prior conviction has been overturned on appeal. The conviction, as alleged in the indictment, occurred in 1976. Appellant did not include a citation to an opinion overturning his conviction, neither an opinion nor a citation to one is within the appellate record, and we have been unable to locate an appellate decision overturning Appellant's prior conviction. If his prior conviction has been overturned on appeal, the appropriate venue to seek redress of this issue is through a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006) ("Even as we have increasingly narrowed the types of claims that are cognizable under habeas corpus, our precedents firmly establish that inmates in custody under such an illegal sentence may seek habeas relief.").