NO.
12-10-00446-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RICHARD
JAMES RANDLE,                          §                 APPEAL FROM THE THIRD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Richard
James Randle appeals from his conviction for robbery.  In one issue, Appellant
argues that the judgment nunc pro tunc in this case is void.  We vacate the
judgment nunc pro tunc, leaving the trial court’s original judgment in effect.

 

Background

            In
1993, Appellant pleaded guilty to the offense of robbery.  He also pleaded true
to the allegation in the indictment that he had two prior felony convictions. 
The trial court found Appellant guilty, found the sentencing allegations to be
true, and assessed a sentence of imprisonment for thirty-five years.  

In
2010, Appellant sought to have the trial court reform his sentence.  He
represented to the trial court that one of his prior convictions had been
reversed on appeal and requested that the sentence be reformed.  Without
holding a hearing, the trial court issued a nunc pro tunc judgment in December
2010.  In that judgment, the trial court found Appellant guilty, found one
allegation of a prior conviction to be true and one allegation not to be true,
and assessed a sentence of imprisonment for thirty-five years.  This appeal
followed.

Nunc Pro
Tunc

            In
his single issue, Appellant argues that the trial court erred by granting the
relief he originally sought.  Specifically, Appellant argues that the trial
court should not have reformed the sentence.  Instead, because he argues that
the sentence is void, the trial court should have returned the parties to their
relative positions before his guilty plea was entered.  The State argues that
the trial court’s order is void because it does not accurately reflect the
judgment that was entered by the trial court.  

Applicable
Law

            A
trial court retains the ability to alter judgments nunc pro tunc to correct
scrivener’s errors or other typographical mistakes that might appear in court
documents.  Collins v. State, 240 S.W.3d 925, 928 (Tex. Crim.
App. 2007); State v. Gobel, 988 S.W.2d 852, 853 (Tex. App.–Tyler
1999, no pet.).  This may be done so that the written records reflect the
judgment that was actually rendered, but the trial court cannot, “through a
judgment nunc pro tunc, change a court’s records to reflect what it believes should
have been done.”  Collins, 240 S.W.3d at 928.  Further, there
must be proof that the new judgment reflects what was actually rendered or
pronounced at an earlier time.  Id. (quoting Wilson v.
State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)).

Analysis

The
judgment filed in 1993 reflects that the trial court found both sentencing
enhancement allegations to be true.  There is no suggestion that the judgment
does not accurately reflect the actual findings of the trial court. Therefore,
it is not proper for the trial court to make a new finding–that one of the
enhancement allegations is not true–and issue a judgment nunc pro tunc to
reflect that finding.  The ability to issue a judgment nunc pro tunc arises
from a trial court’s inherent power to make its records speak the truth.  See
Smith v. State, 15 S.W.3d 294, 298 (Tex. App.–Dallas 2000, no
pet.).  A judgment nunc pro tunc is improper when it has the effect of making a
new or independent order.  Id. (citing Ex parte Dickerson,
702 S.W.2d 657, 658 (Tex. Crim. App. 1986)).  This “correction process” does
not allow for or permit readjudication or the reopening of a controversy.  See
Smith v. State, 801 S.W.2d 629, 633 (Tex. App.–Dallas 1991, no
pet.).  Absent proof that the original court did not find or did not intend to
find one of the enhancement paragraphs to be true, the substitution of a nunc
pro tunc order that makes a different finding on that question has the effect
of making a new or independent order.  This is improper and is beyond the trial
court’s jurisdiction.  See Ex parte Dickerson, 702 S.W.2d 657,
658 (Tex. Crim. App. 1986).  Accordingly, the trial court’s nunc pro tunc order
is void.  See id.; Smith, 15 S.W.3d at 300; State
v. Garza, 824 S.W.2d 324, 326 (Tex. App–San Antonio 1992, pet. ref’d). 

Appellant
and the State agree that the trial court’s nunc pro tunc judgment is improper. 
However, Appellant argues that the original conviction must be reversed because
he was improperly admonished before his guilty plea.  Specifically, he argues
that he was admonished as if he had two prior felony convictions and, he
asserts, he had only one prior felony conviction.[1]  Appellant did not seek this
relief in the trial court, but he is essentially arguing that the trial court
should have granted a motion for new trial.  This is an argument that could
have been raised on direct appeal from Appellant’s original conviction. See,
e.g., Wilson v. State, 677 S.W.2d 518, 525 (Tex. Crim.
App. 1984) (sentence reversed on direct appeal because void conviction used for
enhancement).  Because Appellant’s motion was filed more than thirty days after
entry of judgment, the trial court lacked jurisdiction to order a new trial,
and it would have been error for it to do so.  See Tex. R. App. P. 21.4(a); Beathard
v. State, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989) (en banc) (trial
court lacked jurisdiction to decide an untimely motion for new trial filed over
one year after sentence was imposed).

 

Conclusion

            The
judgment nunc pro tunc entered in this case is a void order.  The trial court
did not err in not granting a new trial in this case.  We sustain
Appellant’s sole issue to the extent that we hold that the nunc pro tunc
judgment issued December 13, 2010 is void.  We vacate the
judgment nunc pro tunc, leaving the original judgment in effect.

   
SAM GRIFFITH   

        
Justice

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)

 

 









[1] The appellate
record does not reflect that Appellant’s prior conviction has been overturned
on appeal.  The conviction, as alleged in the indictment, occurred in 1976. 
Appellant did not include a citation to an opinion overturning his conviction,
neither an opinion nor a citation to one is within the appellate record, and we
have been unable to locate an appellate decision overturning Appellant’s prior
conviction.  If his prior conviction has been overturned on appeal, the
appropriate venue to seek redress of this issue is through a writ of habeas
corpus.  See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2010); Ex parte Rich,
194 S.W.3d 508, 512 (Tex. Crim. App. 2006) (“Even as we have increasingly
narrowed the types of claims that are cognizable under habeas corpus, our
precedents firmly establish that inmates in custody under such an illegal
sentence may seek habeas relief.”).