

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00100-CR
_____

DEVON STRONG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 10F0475-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I. Background

After having entered an open plea of guilty, Devon Strong was convicted by a jury for burglary of a habitation[1] and sentenced to five years' incarceration. Strong was represented by appointed counsel. After the punishment trial, but prior to sentencing, Strong filed four pro se pleadings, including a notice of appeal, two motions for new trial, and a motion to relieve trial counsel due to ineffective assistance of counsel. These documents were mailed to the district clerk; each such motion was enumerated in the letter and request was made for return of a file-marked copy of each motion.

At the sentencing hearing, held three days after the motions were filed, Strong informed the trial court of the four motions previously filed and requested that he be permitted to represent himself. The trial court understood that Strong wished to represent himself on appeal, and indicated that there were many factors to be considered before such request could be approved. The court further determined that because the purpose of the instant hearing was to pronounce sentence, there was no need to address the remaining motions at that time.[2] Strong was sentenced in accordance with the jury's verdict.

---

[1]TEX. PENAL CODE ANN. § 30.02 (West 2011).

[2]At the sentencing hearing, the trial court asked if there was "anything anyone would like to offer before I pronounce sentence in this matter?" The following dialogue between Strong and the trial court ensued:

> THE DEFENDANT: Yes, Sir.
>
> THE COURT: All right, sir.
>
> THE DEFENDANT: I would like to relieve counsel, represent myself.

2

The following month, Strong returned to court for a hearing on his request to represent himself on appeal.[3] Having indicated his understanding of the requirements and potential consequences of self-representation on appeal in accordance with *Faretta*,[4] Strong's request to act pro se on appeal was granted. The trial court neither addressed, nor was it asked to address,

---

THE COURT: You want to represent yourself on this matter?

THE DEFENDANT: Yes, sir.

THE COURT: Well, the only thing that we're going to be taking up here today is just imposition of the sentence that the jury awarded, so as far as there being matters that, you know, would be in issue, all it is [] for me to determine whether to run the sentences concurrent or consecutive. There's really not going to be any arguments presented or anything like that, so I don't know that there's any particular benefit to you or detriment to you if you represent yourself or if a lawyer represents you.

THE DEFENDANT: Well, I filed a, four motions that have been filed in this court and sent to the district clerk.

THE COURT: Uh-huh. What were the motions about?

THE DEFENDANT: A motion, two motions for new trial.

THE COURT: Uh-huh.

THE DEFENDANT: And a motion to relieve counsel, and a motion for notice of appeal.

. . . .

THE COURT: Okay. Well, yeah, I mean, as far as the notice of appeal's concerned, I guess are you asking that you represent yourself on an appeal?

THE DEFENDANT: Yes, sir.

[3]In the interim, Strong's trial counsel filed a motion for new trial and a notice of appeal.

[4]*Faretta v. California*, 422 U.S. 806 (1975).

3

any of Strong's pro se motions, at least one of which included a claim of ineffective assistance of counsel.[5]

On appeal, Strong complains the trial court erred in failing to hold an evidentiary hearing on Strong's ineffective assistance of counsel claim raised in his pro se post-verdict motion to relieve trial counsel.[6] Because Strong failed to request a hearing on his pro se motion, we affirm the judgment of the trial court.

## II.  Analysis

### A.  Strong's Contentions

At the heart of this appeal lies Strong's pro se "Motion to Relieve Trial Counsel Due to Ineffective Assistance of Counsel." Strong claims that because this motion was based on claims of ineffective assistance of counsel, the trial court should have treated this motion as one for new trial.[7] This statement is based on the notion that in light of the fact that all that is required for self-representation is a knowing and intelligent waiver of the right to counsel, it makes little

---

[5]When Strong had not filed a brief almost a year after sentencing, appellate counsel was appointed to represent him.

[6]Strong also appeals his convictions of (1) burglary of a habitation in trial court cause number 10F0476-005 (appellate cause number 06-11-00101-CR); (2) burglary of a habitation in trial court cause number 10F0477-005 (appellate cause number 06-11-00102-CR); (3) aggravated robbery in trial court cause number 10F0690-005 (appellate cause number 06-11-00103-CR); (4) aggravated robbery in trial court cause number 10F0691-005 (appellate cause number 06-11-00104-CR); (5) aggravated robbery in trial court cause number 10F0692-005 (appellate cause number 06-11-00105-CR); (6) aggravated robbery in trial court cause number 10F0693-005 (appellate cause number 06-11-00106-CR); (7) aggravated robbery in trial court cause number 10F0751-005 (appellate cause number 06-11-00107-CR); and (8) burglary of a habitation in trial court cause number 10F0752-005 (appellate cause number 06-11-00108-CR). Our opinions in each of these cases are issued today.

[7]Strong's first motion for new trial was based on his alleged mental incompetency which "surfaced" after trial. Even though this evidence allegedly came forth after the trial, the motion concluded that such evidence was withheld by ineffective assistance of counsel. The other motion for new trial alleged racial discrimination, double jeopardy, and improper jury composition. No request was made for a hearing on those motions and no appellate issue is presented regarding either of these motions.

4

sense to allege ineffective assistance of counsel in order to act pro se on appeal. *See Faretta*, 422 U.S. at 835. Strong therefore urges that his motion should be liberally construed as presenting an ineffective assistance of counsel claim as a ground for new trial, in addition to requesting leave to represent himself on appeal. *See In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (pro se pleadings and briefs are liberally construed). Strong further claims the trial court abused its discretion by failing to hold an evidentiary hearing on his ineffective assistance claim because (1) he filed his motion timely, (2) he supported his motion with the equivalent of an affidavit, (3) he alleged matters showing reasonable grounds for relief that are not determinable from the record,[8] and (4) he timely presented the motion to the trial court. Strong asks this Court to abate his appeal and remand to the trial court for an evidentiary hearing on his ineffective assistance of counsel claim.

### B. The State's Response

The State's response is two-fold; it claims (1) Strong failed to preserve error because he did not request a hearing on his pro se motion, and (2) Strong was not entitled to hybrid representation.[9]

---

[8]Strong alleges several areas of alleged ineffective assistance, claiming counsel (1) induced his guilty plea to avoid trial preparation, (2) filed only one pretrial motion, (3) failed to object to a State's exhibit which included offense reports and statements of witnesses who did not testify at trial, and (3) failed to object to the State attorney's suggestion that Strong was like a terrorist.

[9]The State does not join the issue of whether the trial court should have construed Strong's motion to relieve counsel as one for new trial.

5

## C.    Preservation of Error

Strong's motion urged that counsel was ineffective, should be relieved of further duties, and that Strong should be granted the right of self-representation.  It is not readily apparent that this motion requested that a new trial should be granted based on ineffective counsel representation.  Even if the motion is liberally construed as a motion for new trial,[10] the right to a hearing on such a motion is not absolute.  *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  Generally, the trial court should conduct a hearing on a motion for new trial "if the motion and attached affidavit raise matters that are not determinable from the record that could entitle the accused to relief."  *Id.*  However, the defendant is also required to present the motion to the trial court.  *Id.*; *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998).  A motion for new trial must be presented to the trial court in a timely fashion.  *See* TEX. R. APP. P. 21.6.[11]  The mere filing of a motion for new trial with the trial court is insufficient to constitute presentment.  *Carranza*, 960 S.W.2d at 78; *Caldwell v. State*, 356 S.W.3d 42, 49 (Tex. App.—Texarkana 2011, no pet.).

Strong maintains he timely presented his motion to the trial court when, at the sentencing hearing, he advised the trial court he filed four motions.  Specifically, Strong advised the court

---

[10]*See Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.) (title of motion not controlling; motion in arrest of judgment treated as motion for new trial).

[11]Rule 21.6 provides:

> The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

TEX. R. APP. P. 21.6.  Here, Strong filed his motion for new trial on May 17, 2011.

that four motions "have been filed in this court and sent to the district clerk."  When asked what the motions were about, Strong advised the trial court that there were "two motions for new trial" and "a motion to relieve counsel, and a motion for notice of appeal."  Strong neither advised the trial court that he was seeking a new trial as part of his motion to relieve counsel, nor did he request an evidentiary hearing on this motion.

Strong returned to court the following month for a *Faretta* hearing.  While Strong complains that he was not permitted to present evidence of his ineffective assistance of counsel claim at this hearing, Strong never made such a request.  At no time during the course of this hearing did Strong indicate his desire for a hearing on his motion for new trial based on ineffective assistance of counsel.[12]

In *Rozell*, the Texas Court of Criminal Appeals held that a defendant could not complain that a trial court failed to hold a hearing on a motion for new trial where the defendant did not present the motion to the trial court by giving the court "actual notice" of the motion and request a hearing thereon.  *Rozell*, 176 S.W.3d at 230 (presentment "includes actual notice of the desire to have a hearing") (citing *Carranza*, 960 S.W.2d at 79).  *Rozell* analogized this situation to the principles underlying error preservation—a trial court should not be reversed when it is not made aware of an alleged error and provided an opportunity to cure.  *Id.*  In order to inform the trial court of the defendant's desire that the court act on the motion and that the defendant would like a hearing on the motion, the defendant must present the motion and request a hearing.  *Id.*

---

[12]Strong complains that the trial court did not invite him to offer evidence of his ineffective assistance claim.  There is no requirement that the trial court invite the introduction of evidence on a motion for new trial.  The trial court was never advised that Strong wished to present evidence on this claim.  Therefore, there was no refusal to allow the presentation of such evidence.

Absent a request for hearing, the reviewing court need not decide whether the trial court abused its discretion in failing to hold a hearing on a motion for new trial because the issue is not preserved for appellate review. *Id.*

Here, as in *Rozell*, there was no request for a hearing on the motion for new trial (designated as motion to relieve counsel). The motion itself did not request a hearing, and Strong did not request a hearing on the motion at the sentencing hearing or at the *Faretta* hearing. The record fails to otherwise indicate a request to present evidence of ineffective assistance of counsel at any point, including the *Faretta* hearing. We conclude there is nothing in the record to indicate Strong presented his motion with a request for hearing. Therefore, any alleged error in the trial court's failure to hold a hearing was not preserved for our review. *See id.* at 231.

Because the failure to preserve error is dispositive of Strong's sole point of error, we need not address the State's contention that Strong was not entitled to hybrid representation.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     September 12, 2012
Date Decided:       September 14, 2012

Do Not Publish